IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BECKY COOPER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:05-CV-111 |
| | § | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | § | COLLIER / CARTER |
| | § | |
| | § | |
| ACE INA HOLDINGS, INC., | § | |
| | § | |
| and | § | |
| | § | |
| ACE INA LONG TERM DISABILITY PLAN, | § | |
| | § | |
| | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION

I. Introduction

Plaintiff's motion for attorney's fees (Doc. 60) and her supplemental motion for attorney's fees (Doc. 69) are pending before the undersigned Magistrate Judge having been referred for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff brought this action pursuant to Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, to obtain judicial review of a denial of her claim for long term disability benefits under the ACE INA Long Term Disability Plain (Defendant Plan) as funded by a group insurance policy issued to ACE INA Holdings, Inc. (ACE INA) by Life Insurance Company of North America (LINA). LINA and ACE INA do not oppose

plaintiff's request for reasonable attorney's fees and expenses in the amount of $43,065.00 (Docs. 78 and 79).

Therefore, for the reasons stated herein, it is RECOMMENDED plaintiff's motion for attorney's fees be GRANTED and plaintiff be awarded $42,815.00 in attorney's fees and $250.00 in expenses for a total award of $43,065.00.

II. Background

Plaintiff brought this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, to obtain judicial review of a denial of her claim for long term disability benefits. This Court denied Plaintiff's Motion for Judgment on the Pleadings and granted Defendants' motion. Plaintiff appealed to the Sixth Circuit Court of Appeals which, in an opinion and judgment entered May 16, 2007, reversed the judgment in favor of defendants and "remand[ed] the case for entry of an order requiring LINA to award benefits retroactive to the date on which Cooper's short-term disability benefits ceased, and for such incidental relief as the district court may find appropriate in light of our decision." *Cooper v Life Ins. Co. of North America*, 486 F.3d 157, 159 (6th Cir. 2007). A request for an *en banc* hearing was denied.

III. Analysis

A party seeking attorney's fees under a federal fee shifting statute bears the burden to show he or she is entitled to the amount requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). The fees requested should be documented, and, where they are not, the district court may reduce the award accordingly. *Id.* The award of attorney's fees is left to the district court's exercise of discretion within the appropriate parameters which are discussed below. *See Hensley*, 461 U.S. at 437; *Reed*, 179 F.3d

at 469 n.2; *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), *overruled in part by Pollard V.E. I. DuPont Nemours & Co.*, 532 U.S. 843 (2000) (holding front pay does not constitute compensatory damages and thus is not subject to the statutory cap on compensatory damages under 42 U.S.C. § 1981a(b)(3)).

Attorney's fees for successful litigants under federal fee shifting statutes are commonly calculated using the "lodestar" method of multiplying the number of hours reasonably expended by a reasonable hourly rate.[1] *Web v. Board of Educ. of Dyer County, Tenn.,* 471 U.S. 234, 242 (1985); *Hensley*, 461 U.S. at 433; *Adcock-Ladd v. Secretary of the Treasurer,* 227 F.3d 343, 349 (6th Cir. 2000); *Reed*, 179 F.3d at 471. The reasonableness of the hours expended and the attorney's hourly rate must be considered on a case by case basis. *Hensley*, 461 U.S. at 429.[2]

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community for the same type of work at issue. *Adcock-*

---

[1]The provision permitting the award of attorney's fees under ERISA is 29 U.S.C. § 1132(g), for the FLSA it is 29 U.S.C. § 216(b) and for the THRA it is Tenn Code Ann. § 4-21-306(a)(7).

[2] There are twelve factors which the district court may consider in determining the basic lodestar fee and whether to make adjustments thereto. *Reed*, 179 F.3d at 471; *see also Hensley*, 461 U.S. at 434 n. 9. These factors are:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed*, 179 F.3d at 472 n. 3; *see also Hensley*, 461 U.S. at 430 n.3.

*Ladd,* 227 F.3d at 350; *Reed*, 179 F.3d at 473. The "relevant community" for fee purposes is the legal community within the court's territorial jurisdiction. *Adcock-Ladd,* 227 F.3d at 350; *Hudson*, 130 F.3d at 1208. The "prevailing market rate" is that rate which lawyers of comparable skill and experience can reasonably expect to command within the relevant community. *Id.* That rate may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required. *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986); *see also Adcock-Ladd*, 227 F.3d at 349 ("The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.") (citing *Reed*, 179 F.3d at 471). "Such fees are different from the prices charged well-to-do clients by the most noted lawyers and renowned law firms in a region. Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate." *Coulter*, 804 F.2d at 149; *see also Reed*, 179 F. 3d at 472 (same); *Hudson*, 130 F.3d at 1208 (same).

Factors particularly relevant to this case in determining whether the hours expended are reasonable include: the difficulty of the legal issues presented by the case, the skill requisite to perform the legal services properly, and the experience and ability of the attorneys. *See Hensley*, 461 U.S. at 430 n.3. Hours which are "excessive, redundant, or otherwise unnecessary," are not reasonably expended. *Id*. at 434.

While the lodestar method is the appropriate starting place for determining attorney's fees, the inquiry does not end there. *Id.* Other considerations may lead the district court to adjust the fee. *Id.* "'[T]he most critical factor' in determining the reasonableness of a fee award is 'the

degree of success obtained.'" *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (citing *Hensley*, 461 U.S. at 436); *Cramblit v. Fiske*, 33 F.3d 633, 635 (6th Cir. 1994). Where the purpose of the litigation is to recover damages, then the district court must consider the amount and nature of damages awarded when determining attorney's fees. *Farrar,* 506 U.S. at 115; *see also, Adcock-Ladd*, 227 F.3d at 349; *Cramblit*, 33 F.3d at 635. Where the plaintiff achieves only partial success against the defendant, the district court must consider whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434. Finally, federal fee shifting statutes do not provide for enhancements of fees in order to compensate for the risk of nonpayment when an attorney takes a case on a contingency basis. *City of Burlington v. Dague*, 505 U.S. 557 (1992) (federal fee shifting statutes which authorize a court to award "reasonable attorney's fees" to a "prevailing or substantially prevailing party" do not authorize fee enhancements for the purpose of compensating attorneys hired on a contingency basis for the risk of loss); *see also Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 381 (6th Cir. 1993) (No fee enhancement due counsel for taking a case which impinges significantly on a small practice's ability to take other cases); *Coulter v. Tennessee*, 805 F.2d 146, 149 n. 4 (6th Cir. 1986) ("In short, the lodestar figure includes most, if not all, of the relevant factors comprising a 'reasonable attorney's fee,' and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose of enabling plaintiffs to secure legal assistance") (citing *Pennsylvania v. Delaware Valley Citizen's Counsel for Clean Air*, 478 U.S. 711 (1986)).

In this case, Plaintiff accurately sets forth the law in her original motion for attorneys' fees (Doc. 60). Plaintiff's initial declaration sets forth in detail the time spent by attorneys and

paralegals (Doc. 62). Plaintiff's supplemental motion for attorney fees (Doc. 69) is supported by a detailed sworn declaration setting forth additional times spent in the successful prosecution of the case (Doc. 70). Plaintiff seeks attorney's fees in the amount of $42,815.00 and expenses in the amount of $250.00 for a total award of $43,065.00. Both the time spent and the rates charged appear reasonable in light of the work done and the experience and expertise of the attorneys. Based on that finding, the results accomplished and the withdrawal of opposition by defendants, I RECOMMEND the requested fees be awarded.

## IV. Conclusion

For the reasons stated herein, it is RECOMMENDED that plaintiff's motions for attorney's fees and expenses (Docs. 60 and 69, respectively) be GRANTED and that the plaintiff be AWARDED attorney's fees in the amount of $42,815.00 and expenses in the amount of $250.00 for a total award of $43,065.00.[3]

Dated: February 25, 2008

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

[3]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).